1  LISA J. DEMSKY (State Bar No. 186006)
   Lisa.Demsky@mto.com
2  JESSICA O. LAIRD (State Bar No. 331713)
   Jessica.Laird@mto.com
3  MUNGER, TOLLES & OLSON LLP
   350 South Grand Avenue, 50th Floor
4  Los Angeles, California 90071-3426
   Telephone:    (213) 683-9100
5  Facsimile:    (213) 687-3702

*Attorneys for Non-Party Riot Games, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| IN RE: VALVE ANTITRUST LITIGATION | Case No. 2:24-mc-00006-RGK-MAR<br><br>*Miscellaneous Action Relating to W.D. Wash. Case No. 2:21-cv-00563-JCC*<br><br>**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF RIOT GAMES, INC.'S STATEMENT IN JOINT STIPULATION PURSUANT TO LOCAL RULE 37-2.3**<br><br>Hearing Date: February 7, 2024<br>Hearing Time: 11:00 AM<br>Judge: Magistrate Judge Rocconi |

Case No. 2:24-mc-00006-RGK-MAR

NON-PARTY RIOT GAMES INC.'S SUPPLEMENTAL MEMORANDUM

Pursuant to Civil Local Rule 37-2.3, Non-Party Riot Games, Inc. ("Riot") files this supplemental memorandum in opposition to Valve Corporation's ("Valve") Motion to Compel and in support of Riot's portion of the parties' Joint Stipulation.  *See* Dkt. 1.

## I.  Valve's Motion to Compel is Untimely

Because Valve did not address the untimeliness issue in the Joint Stipulation, even though it was aware of Riot's position, Riot assumes Valve's supplemental brief will argue that Judge Coughenour's December 1 Order in *In re Valve Antitrust Litigation*, Civil Action No. 2:21-cv-00563-JCC, extended the discovery cut-off.  In the Joint Stipulation, Riot demonstrated why that was not the case, and Riot now highlights three further points: 1) a comparison of the two Washington Court scheduling orders refutes Valve's contention that the December 1 Order extended the fact discovery deadline; 2) even under Valve's baseless theory, there is no viable argument that the December 1 Order moved the *motion to compel* deadline; and 3) cases from this Court confirm that motions to compel that do not comply with underlying case discovery deadlines must be denied.

**<u>1. The Scheduling Orders Confirm Valve Missed the Discovery Cut-Off:</u>** Comparing the December 1 Order to the same Court's May 2, 2023 scheduling order ("May 2 Order") shows that the December 1 Order did not move the discovery cut-off.  The May 2 Order extended the fact discovery cut-off from October 31, 2023 to November 30, 2023.  Dkt. 1-14, Demsky Dec. ¶ 6, Ex. 3.  As the May 2 Order makes clear, when the Washington Court moves a discovery deadline, it specifies the new deadline.  In the May 2 Order, the parties agreed that "additional time [wa]s needed to fully complete certain tasks beyond the time set forth in the current Case Schedule," and requested that the Court "extend certain deadlines," as laid out in a chart specifying the old and new deadlines.  The Order adopted those dates and extended the "close of fact discovery" from the "current date" to the

Case No. 2:24-mc-00006-RGK-MAR

NON-PARTY RIOT GAMES INC.'S SUPPLEMENTAL MEMORANDUM

"proposed date" of "November 30, 2023."  It did not leave the close of fact discovery—or *any extended deadline*—open-ended.

The December 1 Order also did this for those dates it extended, which were 15 specific depositions, for which the cut-off was extended to a date certain.  Dkt. 1-1, Breslauer Dec. ¶ 9, Ex. F, at ¶ 7.  Paragraph 6 requests only a "brief 15-day extension" for the specified depositions, and Paragraph 7 requests an Order relating only to "the deadline to complete depositions of fact witnesses as stipulated." *Id.*  Just as it had in May, the Court specified a new deadline—December 15, 2023—for the discovery subject to its Order.

On the same day Valve signed the stipulation to extend the deposition deadline, Valve's counsel told Riot's counsel it had a November 30 deadline to file its motion to compel.  Dkt. 1-14, Demsky Dec. ¶ 11.  Indeed, Paragraph 4 of the December 1 Order specifically references the still-intact "November 30 discovery deadline" and asked only for very limited and specific extensions beyond that.  Dkt. 1-1, Breslauer Dec. ¶ 9, Ex. F, at ¶ 4.  If Valve thought it had a valid basis to present to the Washington Court for extending the cut-off to file a motion to compel against Riot, it could have specifically requested an extension of time to do this.  It did not.  Valve's after-the-fact contention that the December 1 Order vacated any discovery cut-off for third party subpoenas, without setting a new deadline, and without specifically referencing this decision defies common sense and contradicts the Washington Court's demonstrated practice of specifying a new deadline when it grants a requested case schedule extension.

**2. The Deadline for Discovery Motions Was Not Altered:**  Even under Valve's theory that Paragraph 5, in the stipulation portion of the December 1 Order, somehow vacated the deadline for non-party subpoena compliance, there is no reasonable argument that it altered the deadline for *discovery motions*.  The Local Rules of the Western District of Washington, in which this action resides, require that "[a]ny motion to compel discovery [] be filed and served on or before the

1  discovery deadline." W.D. Wash. Local Rule 16(b)(3). As the above makes clear,
2  the May 2 Order set the general discovery deadline as November 30. The December
3  1 Order paragraph upon which Valve relies makes no mention of permitting later-
4  filed discovery motions, or otherwise extending the discovery deadline. Dkt. 1-1,
5  Breslauer Dec. ¶ 9, Ex. F, at ¶ 5 ("The parties agree that nonparties upon whom
6  Plaintiffs or Defendant, prior to November 1, 2023, served subpoenas requesting
7  production of documents or data may, if necessary, make their productions after
8  November 30, 2023."). Even if Paragraph 5 was part of the Order, its limited carve-
9  out does not constitute a wholesale continuance of the general discovery deadline,
10 which controls the timing for the filing of any discovery motion in this action.

**3. This Court Requires Compliance with Discovery Deadlines:** This Court's case law shows that the instant Motion should be denied for Valve's failure to comply with the Central District's Local Rules and the underlying discovery deadline. Like those in the Western District of Washington (cited above), the Local Rules of this Court demand the timely filing of discovery motions and establish that, "the failure to file [a motion] within the deadline, may be deemed consent to the . . . denial of the motion." C.D. Cal. Local Rule 7-12. Thus, a discovery motion must be filed before the applicable deadline in the underlying action. *See Hefei Morningstar Healthmate Fitness Co., Ltd v. Joy Home USA International Co., Ltd et al*, No. 2:22-cv-04773-FMO-MAR, 2023 WL 8522978, at *3 (C.D. Cal. Sep. 26, 2023) (denying motion as untimely where motion was filed too late for a hearing to be calendared prior to deadline).

Here, Valve first attempted to file a Motion on the night of its discovery cut-off without complying with the Local Rules and, only after Riot raised the issue with Valve, did Valve attempt to follow Rule 37-1. *See* Dkt. 1, Joint Stipulation, at 5-6. But it was too late as the time required for the requisite conference and preparation of a Joint Stipulation meant that a motion could not properly be filed by the discovery cut-off. Further, when Valve re-initiated the motion process after

belatedly attempting to comply with the Local Rules, it did not do so until *after* the December 15 deposition cut-off established in the Court's December 1 Order. Even under Valve's own flawed theory that a later discovery deadline applied, it failed to timely file the instant Motion.

Valve's attempt to point the finger at Riot for its delay is unavailing. *See Sandoz Inc. v. Amgen Inc. et al*, No. 2:22-cv-05326-RGK-MARx, 2023 WL 3549513, at *5 (C.D. Cal. May 4, 2023) (recognizing the court lacks authority to modify the underlying deadlines even if a party can demonstrate its diligence in pursuing discovery). Valve had Riot's objections for nearly a year and still missed the underlying discovery cut-off. As the persuasive authority of this Court makes clear, this Court "has no authority to modify deadlines set by the district judge" or order the relief Valve now seeks. *Id.*; *See also*, *Sigma Fin. Corp. v. Gotham Ins. Co.*, No. SACV 15-01531-AG-DFMX, 2017 WL 9511489, at *2 (C.D. Cal. Aug. 4, 2017) (denying motion because it required modifying district judge's scheduling order, even where movant argued other party's gamesmanship caused delay).

## II.  Valve Did Not Demonstrate A Substantial Need for Riot's Highly Confidential Information

Since serving its objections to Valve's overly broad discovery requests on **February 1, 2023**, Riot has repeatedly asked Valve to articulate or provide evidence of any claimed substantial need but never received a satisfactory response. And although Valve submitted an attorney declaration and twelve exhibits with its portion of the Joint Stipulation, it failed to submit *any* evidence demonstrating a substantial need for Riot's highly confidential information. The Joint Stipulation offers no answers either. Valve argues in the Joint Stipulation that Riot's highly confidential financial information "will help Valve and its experts demonstrate that there is vigorous competition in the market for the distribution of video games." Dkt. 1, Joint Stipulation, at 12. Yet Valve has offered no evidence—for example, not a single declaration from any of its experts—substantiating this assertion. If

such substantiation existed, Valve was required to submit it with the Joint Stipulation, and it failed to do so.  *See* C.D. Cal. Local Rule 37-2.2.

Nor has it offered any evidence establishing Riot's information is "essential to a judicial determination of [Valve's] case." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006).  For instance, Valve failed to demonstrate that its experts could not utilize the market evidence, or evidence regarding Riot's success or marketplace presence generally using metrics like number of players, that is already in Valve's possession, available from public sources, or obtained from other market participants.  *See In re Apple iPhone Antitrust Litig.*, No. 11-cv-06714-YGR (TSH), 2020 WL 5993223, at *4–12 (N.D. Cal. Oct. 9, 2020) (quashing third party request where party failed to show it was unable to obtain information through its own competitive intelligence efforts).  By its own admission, Valve has obtained significant information from participants in the relevant marketplace—the "PC game distribution market"—and can therefore craft a robust argument in its defense.  *See* Dkt. 1, Joint Stipulation, at 25.  Even if Riot's competitively sensitive documents would assist Valve in making that argument, "there is no evidence that . . . they would add more than marginal weight." *In re eBay Seller Antitrust Litig.*, No. C09–735RAJ, 2009 WL 5205961, at *3–4 (W.D. Wash. Dec. 23, 2009).  Valve has not put forth any evidence that Riot's information is "essential" to proving that Valve did not monopolize the PC game distribution market.

**III.   Conclusion**

Riot respectfully submits that Valve's Motion should be denied as untimely, and if considered, denied on the merits as well.

DATED:  January 24, 2024            MUNGER, TOLLES & OLSON LLP

By: */s/ Lisa J. Demsky*
LISA J. DEMSKY
Attorneys for Riot Games, Inc.